## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**MARIA S. DELOUISE**                  **C.A. NO.:**

**VERSUS**

                                                   **JUDGE:**

**IBERVILLE PARISH SCHOOL BOARD;**        **MAG. JUDGE:**
**DR. EDWARD CANCIENNE, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY; MELVIN**
**LODGE, INDIVIDUALLY AND IN HIS**
**OFFICIAL CAPACITY; AND GEORGE GRACE,**
**INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY**

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

Pursuant to Federal Rule of Procedure 15(a)(1), as a matter of course, The First Amended and Supplemental Complaint of Maria S. Delouise, an individual of the full age of majority and a resident of East Baton Rouge Parish, Louisiana, respectfully amends and supplements the original Complaint as follows:

1.

Jurisdiction is founded herein pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 granting supplemental jurisdiction over Complainant's state law claims. Venue is proper in this judicial district as the actions complained of and described herein occurred within this judicial district.

2.

The Defendants listed below are justly and truly indebted to Complainant for all sums as are reasonable under the premises, compensatory damages, lost wages and benefits, reinstatement, punitive damages, attorney's fees, all costs of these proceedings, interest thereon from the date of

judicial demand until paid, and all such other relief to which Complainant is entitled at law or in equity:

    A.    Iberville Parish School Board (hereinafter "IPSB"), whose principal office is at 58030 Plaquemine Street, Plaquemine, Louisiana 70764;

    B.    Dr. Edward Cancienne (hereinafter "Dr. Cancienne"), individually and in his official capacity as Superintendent of Iberville Parish Schools, a resident of the full age of majority of Assumption Parish, Louisiana;

    C.    Melvin Lodge (hereinafter "Mr. Lodge"), individually and in his official capacity as Iberville Parish School Board President, a resident of the full age of majority of Iberville Parish, Louisiana;

    D.    City of St. Gabriel (hereinafter "City"), whose current Mayor is Lionel Johnson, Jr., a resident of Iberville Parish, Louisiana; and

    E.    George Grace (hereinafter "Mr. Grace"), former Mayor of St. Gabriel, individually and in his official capacity as Mayor of St. Gabriel, a resident of the full age of majority of Iberville Parish, Louisiana.

3.

This lawsuit is brought pursuant to 42 U.S.C. §1981; 42 U.S.C. §1983; 42 U.S.C. §1985; the 1st and 14th Amendments to the United States Constitution; Louisiana anti-reprisal law, La. R.S. 23:967; and Louisiana tort law, La. C.C. art. 2315.

4.

In September 2006, Maria S. Delouise began her employment with IPSB as a Librarian. Beginning in August 2008, Complainant worked as the Principal of East Iberville School located

in St. Gabriel, Louisiana, Parish of Iberville.  Complainant is Caucasian.

5.

At all pertinent times, Complainant was an employee of IPSB within the meaning and intent of federal and Louisiana law.  At all pertinent times, IPSB was Complainant's employer within the meaning and intent of federal and Louisiana law.

6.

At all pertinent times, Dr. Edward Cancienne was the Superintendent of Iberville Parish Schools, was an agent and employee of IPSB, and was Complainant's supervisor with immediate and successively higher authority over Complainant's employment.  Dr. Edward Cancienne is Caucasian.

7.

At all pertinent times, Melvin Lodge was a member and President of the IPSB, was an agent and employee of IPSB, and was Complainant's supervisor with immediate and successively higher authority over Complainant's employment.  Melvin Lodge is African-American.

8.

At all pertinent times, George Grace was the Mayor of St. Gabriel.  George Grace is African-American.

9.

On or about March 23, 2010, Complainant was told by Dr. Cancienne that she was being demoted and transferred to another school because of her race.  Ms. Chris Weaver, Educational Consultant hired by IPSB, witnessed this conversation.  Dr. Cancienne told Complainant: "This is not about your job performance.  This is about the color of your skin.  You are not the right color

for this job. They want a black principal." Upon information and belief, Dr. Cancienne promised Mr. Lodge (African-American) and Mr. Grace (African-American) that Complainant would be demoted and transferred so that East Iberville School could have an African-American principal.

10.

On April 12, 2010, the IPSB voted to demote Complainant to "Principal of Special Projects," effective immediately before the school year concluded, and to transfer her to Plaquemine High School and the Central Office once the school year ended. Upon information and belief, IPSB members were aware that Complainant was being demoted and transferred because of her race. Michael Eskridge, a less qualified African-American, was hired to replace Complainant as Principal at East Iberville. Mr. Eskridge was an uncertified principal; Complainant was a certified principal.

11.

On June 1, 2010, Complainant was transferred to Plaquemine High School. The newly created "Principal of Special Projects" was a position in name only. It had no job responsibilities or job description and was far inferior to her position as Principal. Complainant developed her own job responsibilities with Plaquemine High School's Principal, Dianna Outlaw, which consisted of professional development and assisting teachers.

12.

On September 9, 2010, IPSB disciplined Complainant by placing her on an Intensive Assistance Plan. IPSB policy requires prior written documentation of at least three observations of deficient performance before placing a teacher on an Intensive Assistance Plan. The teacher

4

must be notified of these observations so that he/she has an opportunity to rectify the deficiencies. Complainant had a positive performance record and had not been previously provided any documentation or otherwise notified of performance deficiencies.

13.

In December 2010, Complainant became "Acting Principal" of Plaquemine High School because the then Principal, Dianna Outlaw, had requested to be transferred to the Optional Center, a school for expelled students. This was a temporary position.

14.

On March 22, 2011, Complainant filed a charge against IPSB with the Equal Employment Opportunity Commission alleging race discrimination. On or about May 3, 2011, Complainant was informed that she was part of a Reduction in Force, and that she would be demoted to Librarian. When Complainant asked why she was being demoted, she was told that IPSB did not have to give her a reason. On May 9, 2011, IPSB voted to demote Complainant to Librarian. Dr. Cancienne, Mr. Lodge, Mr. Grace, the City, and the IPSB knew that Complainant had filed a charge with the EEOC. On May 24, 2011, Complainant was informed that she was yet again being transferred to White Castle High.

15.

On May 6, 2011, Complainant interviewed for the position of Executive Master Teacher. For months prior to the interview, Dr. Cancienne and others told her that she would be hired in this new position. Complainant was denied the promotion to Executive Master Teacher. Complainant was the most qualified applicant and had been told this fact by Dr. Cancienne and other IPSB employees. The promotion was given to a less qualified applicant who had not filed

an EEOC charge against the IPSB.

## COUNT I

16.

In demoting, transferring, disciplining, and otherwise unfairly treating Complainant on the basis of her race, Defendants violated Plaintiff's civil rights under 42 U.S.C. §1981, for which she seeks relief pursuant to 42 U.S.C. §1983.

17.

Complainant has produced direct evidence of unlawful racial animus.

18.

At all times pertinent hereto, Defendants were persons acting under color of state law within the meaning and intent of 42 U.S.C. §1983.

19.

At all times pertinent hereto, Defendants acted according to a policy or custom of the IPSB and violated Complainant's clearly established rights to be free of racial discrimination in the making and enforcing of contracts. The IPSB had knowledge of, and ratified, these clear and obvious violations of Complainant's civil rights.

## COUNT II

20.

In demoting Complainant to Librarian and denying her a promotion to Executive Master Teacher because she filed a charge with the Equal Employment Opportunity Commission, Defendants violated Complainant's civil and constitutional rights, pursuant to 42 U.S.C. §1981 and the 1st and 14th Amendments to the U.S. Constitution, for which she seeks redress through 42

U.S.C. §1983. In addition, the IPSB violated La. R.S. 23:967, Louisiana's anti-reprisal law.

21.

At all times pertinent hereto, Defendants were persons acting under color of state law within the meaning and intent of 42 U.S.C. §1983.

22.

At all times pertinent hereto, Complainant enjoyed clearly established rights to report and oppose unlawful conduct, including racial discrimination, by the IPSB and its agents and employees, all as guaranteed pursuant to the 1st Amendment to the U.S. Constitution. In addition, Complainant enjoyed clearly established rights to file a charge with the Equal Employment Opportunity Commission and publicly protest such unlawful conduct. Defendants' retaliation against Complainant, specifically her demotion to Librarian and denied promotion to Executive Master Teacher, abridged, impaired and interfered with Complainant's clearly established rights of free speech and association under the 1st Amendment.

23.

Furthermore, Complainant enjoyed clearly established rights to Equal Protection of the Laws, as guaranteed by the 14th Amendment to the U.S. Constitution. Defendant violated these rights by taking adverse employment actions against her because she reported and opposed Defendants' unlawful behavior. There was no legitimate governmental interest served by this unconstitutionally differential treatment.

24.

In addition, Defendants engaged in reprisal against Complainant because she, in good faith, opposed and reported unlawful racial discrimination by the IPSB and its agents and

employees, in violation of La. R.S. 23:967.

25.

Complainant timely filed a charge of discrimination against IPSB with the EEOC, but has not yet received her Notice of Right to Sue. When Complainant receives her Notice of Rights, she will amend this Complaint to add retaliation claims against IPSB under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

## COUNT III

26.

Through all of the conduct described herein, Defendants conspired to deprive Complainant of equal protection under the law, in violation of 42 U.S.C. §1985.

## COUNT IV

27.

Through all of the conduct described herein, Defendants are liable to Complainant for intentional infliction of emotional distress in violation of La. Civ. Code art. 2315 *et seq.* Defendants' actions constituted extreme and outrageous behavior, and was intended to and caused Complainant severe emotional distress. IPSB is *respondeat superior* liable under Louisiana law for the unlawful conduct of its agents and employees described herein.

## COUNT V

28.

Defendants have engaged in intentional discrimination and with malice and/or reckless indifference to the federally protected rights of Complainant, and thus are liable for punitive damages pursuant to 42 U.S.C. §1981 and 42 U.S.C. §1983.

## COUNT VI

29.

Complainant is entitled to and desires an award of attorney's fees and costs against Defendants pursuant to 42 U.S.C. §1988 and La. R.S. 23:967.

## JURY DEMAND

30.

Complainant is entitled to and seeks a trial by jury of this matter.

## PRAYER FOR RELIEF

31.

As a result of the incidents sued upon herein, Complainant is entitled to and seeks all damages described herein, including but not limited to:

a) Severe emotional and mental anguish, anxiety, depression, humiliation, embarrassment and loss of enjoyment of life;

b) Past and future medical expenses;

c) Back pay, including wages and benefits;

d) Reinstatement, or in lieu thereof, front pay, including wages and benefits;

e) Punitive damages;

f) All costs and attorney's fees incurred in the prosecution of this matter; and

g) Interest from the date of judicial demand.

**WHEREFORE**, Complainant prays for trial by jury and after all legal delays and due proceedings are had, that judgment be rendered in Complainant's favor and against defendants, Iberville Parish School Board; Dr. Edward Cancienne, Individually and in His Official Capacity; Melvin Lodge, Individually and in His Official Capacity; the City of St. Gabriel; and George

Grace, Individually and in His Official Capacity, for all such damages, including punitive damages, as are reasonable under the premises, lost wages and benefits, reinstatement, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which Complainant is entitled at law or in equity.

Respectfully submitted:

   /s/ Robert L. Campbell
Robert L. Campbell - Bar No. 27986 - T.A.
**WILLIAMSON, FONTENOT, & CAMPBELL, LLC**
343 Royal Street
Baton Rouge, LA   70802
Telephone: (225) 383-4010
Facsimile: (225) 383-4114
Email: robb@lawyerbatonrouge.com

   /s/ J. Parker Layrisson
J. Parker Layrisson - Bar No. 28120
**PARKER LAYRISSON LAW FIRM**
125 East Pine Street
Ponchatoula, LA 70454
Telephone: (985) 467-9525
Facsimile: (985) 370-9835
Email: lawyer@layrisson.com

*COUNSEL FOR COMPLAINANT, MARIA S. DELOUISE*