UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


| | |
|---|---|
| MARIA S. DELOUISE | CIVIL ACTION |
| VERSUS | |
| IBERVILLE PARISH SCHOOL BOARD, DR. EDWARD CANCIENNE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, MELVIN LODGE, INDIVIDUALLY AND IN HIS INDIVIDUAL CAPACITY, AND GEORGE GRACE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY | NO.: 11-00587-BAJ-RLB |

## RULING AND ORDER

Before the Court is a **Motion for Summary Judgment (Doc. 34)**, filed by the City of St. Gabriel and George Grace, seeking dismissal of all claims against them pursuant to 42 U.S.C. § 1981, 42 U.S.C. 1983, 42 U.S.C. § 1985, the First and Fourteenth Amendments, the Louisiana Reprisal Law under Louisiana Revised Statutes 23:967, and Louisiana Civil Code article 2315. The motion is opposed (Doc. 42). Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1331.

Also before the Court is a **Motion to Strike (Doc. 43)**, filed by the City of St. Gabriel and George Grace, seeking to exclude certain statements offered by Plaintiff Maria Delouise ("Plaintiff") in her Opposition to the Motion for Summary Judgment (Doc. 42). The motion is unopposed. Oral argument is not necessary.

I.  Background

Plaintiff, a Caucasian female, began her employment with the Iberville Parish School Board ("IPSB") as a Librarian in August 2006 (Doc.1, ¶ 4). Beginning in July 2008, Plaintiff was assigned to the position of Assistant Principal of East Iberville School located in St. Gabriel, Louisiana. She was then promoted to Acting Principal at the same school in August 2008. In March 2010, Plaintiff alleges that she was approached by Dr. Edward Cancienne, Superintendent of Iberville Parish Schools, and told that she was being "demoted" and transferred to Plaquemine High School because of her race (Doc. 1, ¶ 9). Plaintiff asserts that Ms. Chris Weaver, Educational Consultant hired by IPSB, witnessed the conversation, and that Cancienne told her such a transfer and demotion had nothing to do with her job performance but that "[t]hey want a [B]lack principal." *Id.*

Plaintiff claims to have learned that Mr. Melvin Lodge, IPSB President, and George Grace, former Mayor of St. Gabriel, pressured Cancienne to recommend the change to the IPSB (Doc 1, ¶ 9). Cancienne denies Plaintiff's allegation. Further, Cancienne asserts that no such conversation occurred with Plaintiff, Lodge, or Grace (Doc. 34, Exhibit A). Nevertheless, on April 12, 2010, IPSB voted to reassign Plaintiff to "Principal of Special Projects" before the school year concluded, and to transfer her to Plaquemine High School when the school year ended (Doc. 1, ¶ 10). Plaintiff's transfer took place on June 1,2010 (Doc. 1, ¶ 11). Michael Eskridge, an African American male, was selected to serve as principal of East Iberville School (Doc. 16-1, ¶ 10).

Plaintiff asserts that the position she held at Plaquemine High School was in name only and was far inferior to her position as Principal. Also, Plaintiff claims that, after the IPSB voted for her transfer, she was unfairly placed on an Intensive Assistance Plan ("the Plan") as the result of an unsatisfactory performance evaluation conducted for the 2009-2010 school year. Plaintiff refutes the reasons for being placed on the Plan, and asserts that the proper policies pertaining to her duties were not followed and that she was not given the opportunity to rectify any alleged performance deficiencies (Doc. 1, ¶ 12). In December 2010, Plaintiff took a temporary position as "Acting Principal" of Plaquemine High School because of a requested transfer by the former Principal (*Id.* ¶ 13).

On March 22, 2011, during her time as Acting Principal at Plaquemine High School, Plaintiff filed a charge against IPSB with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination. Thereafter, on May 3, 2011, Plaintiff was informed that she would be demoted to Librarian as a result of a reduction in force. She inquired of the reason for the demotion, but alleges she was told that IPSB was not required to give her a reason.[1] Plaintiff also interviewed for the position of Executive Master Teacher in May 2011, a position which she alleges was promised to her by Cancienne and others. However she was denied the position, and asserts that the position was given to a less qualified applicant (Doc. 1, ¶ 15).

---

[1] Plaintiff makes this claim in her Complaint; however, she does not specifically state who gave her this information (Doc. 1, ¶ 14).

3

On May 9, 2011, IPSB voted to demote Plaintiff to Librarian. Plaintiff alleges that Cancienne, Lodge, Grace, the City, and the IPSB knew that Plaintiff had filed a charge with the EEOC and that the EEOC filing formed the basis of her demotion. *Id.* ¶ 14. Plaintiff was subsequently transferred to White Castle High School. Plaintiff filed the instant suit on August 24, 2011, alleging various claims of discrimination and retaliation against her.

In the instant Motion, the City of St. Gabriel ("the City") and Grace seek dismissal of all Plaintiff's claims against them on the grounds that the allegations against them are hearsay and that they are not the proper parties to be sued, given that they did not employ Plaintiff. However, Plaintiff claims that these Defendants are liable because of the substantial influence they exercised over the IPSB's decisions, and because Grace abused the power of his office by acting in his individual and official capacities to have her removed from the Principal position at East Iberville School.

## II. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, a court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set

4

forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## III. Analysis

### A. Section 1981 Claim

The City and Grace assert that Plaintiff cannot meet the requisite elements to establish a Section 1981 claim, as she (1) is not a member of a racial majority, and (2) Plaintiff cannot put forth evidence to show that Grace participated in the alleged discriminatory act. They also assert that because Plaintiff fails to show that Grace directly participated in the supervision of the Plaintiff, her claim against them must fail.[2] Plaintiff, however, contends that she can be a member of a racial majority and still be protected by the statute. Further, she contends that her claims are sufficiently plead to defeat the motion for summary judgment.

Section 1981 "is designed to include a federal remedy against discrimination in employment on the basis of race." *Adams v. McDougal*, 695 F.2d 104, 108 (5th Cir.

---

[2] The Defendants direct the Court to *Whidbee v. Garzarilli Food Specialties, Inc.*, 223 F.3d 62 (2d Cir. 2000) and to *Brown v. City of Oncola*, 221 F.3d 329, 339 (2d Cir. 2000).

5

1983) (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 459-60 (1975)). To prevail on a claim under Section 1981, a plaintiff must make an initial prima facie showing that: "(1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership [in] the protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Scott v. J.E. Merit Constructors, Inc.,* 2012 WL 1711616, at *3 (M.D. La. 2012), (citing *Brooks v. Lubbock Cty. Hosp. Dist.*, 373 Fed. Appx. 434, 436–37, 2010 WL 1439109, *2–3 (5th Cir. 2010), cert. denied, — U.S. —, 131 S.Ct. 228, 178 L.Ed.2d 151 (2010) (citing *Lee v. Kansas City Southern Railway Co.*, 574 F.3d 253, 259 (5th Cir. 2009)).

If the plaintiff establishes a *prima facie* case, then "the defendant bears the burden of producing evidence that its employment decision was based on a legitimate, non-discriminatory reason." *Turner v. Kansas City Southern Railway Co.*, 675 F.3d 887,892 (5th Cir. 2012). "This burden is one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 342 (2000). If the defendant carries its burden, "[t]he burden ... shifts back to the plaintiff to prove that the defendant's proffered reasons were a pretext for discrimination." *Turner*, 675 F.3d at 892. The plaintiff may prove pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." See *Laxton v. Gap, Inc.*, 333 F.3d 572, 579 (5th Cir. 2003). On a motion for summary judgment, a

6

plaintiff must demonstrate that an issue of material fact exists and that the legitimate reasons offered by the defendant are not its true reasons, but instead are a pretext for discrimination. *Okoye v. University of Texas Houston Health Science Center*, 245 F.3d 507 (5th Cir. 2001).

Plaintiff is able to meet two of the prongs necessary to establish a *prima facie* case under Section 1981. The Supreme Court has already held that Section 1981 "is applicable to racial discrimination in private employment against white persons." *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 287 (1976). As such, the Defendants argument that Plaintiff does not qualify as a racial minority because she is a Caucasian female lacks merit. Further, based on the evidence presented, Plaintiff was at least initially qualified for the position of Principal, because she was appointed by IPSB (Doc 1, ¶ 4). She was also later appointed to fill the role of Acting Principal at a different high school. Moreover, Plaintiff has submitted proof that she was certified in Louisiana to hold the position of Principal. Thus, the Court concludes, in relation to the claims against these Defendants, Plaintiff has met this prong of the Section 1981 analysis.

Plaintiff, however, does not meet the third and fourth prongs necessary to establish a *prima facie* case against these Defendants. As established by other circuits, the Court recognizes that Plaintiff "must demonstrate some affirmative link to causally connect the actor with the discriminatory action." *Whidbee*, 223 F.3d at 75 (citing *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir. 1991)). "A claim seeking personal liability under [S]ection 1981 must be predicated on the actor's

7

personal involvement." *Id*. Personal involvement is "not only direct participation in the alleged violation but also gross negligence in the supervision of subordinates who committed the wrongful acts and failure to take action upon receiving information that constitutional violations are occurring." *Patterson v. County of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004).

Plaintiff has not provided any evidence to the Court establishing that she was hired, controlled, connected, directed, or instructed by the City or Grace. Indeed, the Defendants firmly assert that Plaintiff is not an employee of St. Gabriel and/or Grace (Doc. 34-1, at 4). Moreover, although in response to another claim made by the Defendants, Plaintiff states, "The fact that Mrs. Delouise did not work for the city or its former mayor is undisputed" (Doc. 42, at 19). Finally, and most importantly, Plaintiff has not shown evidence that the City and/or Grace had any influence or control over the hiring decisions of the IPSB. In her own deposition, Plaintiff testified that the IPSB voted for her transfer, and that it was the board's decision to make based on recommendations from the Superintendent (Doc. 42-2, at 22). Thus, it is unnecessary to analyze the other two prongs of a Section 1981 claim because Plaintiff has failed to put forth evidence to show that she could have been the subject of adverse employment action by these Defendants. There exists no convincing connection between the actions taken by IPSB and the alleged involvement of Grace that would support a finding of a genuine dispute of material fact. The Motion for Summary Judgment is GRANTED on the Section 1981 claim against the City of St. Gabriel and Mayor Grace.

Case 3:11-cv-00587-BAJ-RLB   Document 55   09/30/13   Page 8 of 14

### B. Section 1983 Claim

Section 1983 imposes liability upon any person who, acting under color of state law, deprives another of federally protected rights. Alone, § 1983 does not create any federally protected right, but it provides a cause of action for individuals to enforce federal rights created elsewhere, such as other federal statutes or the Constitution. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 608 (1979) (Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere."). To prevail on a Section 1983 claim, it must be proven that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or the laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999). Such constitutional violations should be outlined by the plaintiff, and plaintiff is required to file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

A plaintiff must also prove that the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference and not the result of mere negligence. See *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Moreover, in a claim asserted pursuant to section 1983 "[a] plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999).

The Court must conclude that Plaintiff has provided no evidence to sustain a Section 1983 claim against the City or Grace. Plaintiff has already admitted that neither the City nor Grace employed her, thus she has failed to put forth specific facts to demonstrate that the City and/or Grace had control over her employment. Defendants assert, and the Court agrees, that Plaintiff has provided no evidence to establish that the City provided compensation or benefits to Plaintiff, or that Plaintiff was subject to supervision by either of these Defendants (Doc. 34-1, at 4.) Nevertheless, Plaintiff contends that she has met the standard necessary to succeed on this claim. Plaintiff asserts that genuine issues of material facts exist concerning whether Grace, in his official and individual capacity, acted under color of state law when he "conspired" with Cancienne and Lodge to transfer her from East Iberville School to Plaquemine High School because of her race, and whether such acts deprived her of rights under Section 1981 (Doc. 42, at 16-17).

Plaintiff has not provided any direct evidence, outside of general speculation and unsubstantiated assertions, to support this claim. All of the deposition testimony provided by both parties shows that Grace's alleged statements about wanting a Black principal are, at best, unsubstantiated hearsay. The Court has reviewed all of the testimony provided with this Motion. None of the witnesses admitted that they specifically heard Grace say he wanted a Black principal, nor did any of the witnesses admit that Plaintiff was ever even a topic of discussion with Grace. Plaintiff has failed to produce evidence that Grace told *anyone* he wanted a Black principal at East Iberville School.

10

Further, Plaintiff has not presented evidence to show that Grace, in his individual or official capacity, owed a duty to her. It is not unconstitutional to express an opinion. To the extent that Grace did in fact make statements regarding the desire for a Black principal at the school, Plaintiff has not convincingly shown that Mayor Grace could have influenced the IPSB to effectuate her transfer. All that has been provided in connection with this Motion are depositions of witnesses who speculate on rumors that were circulating about Plaintiff's transfer.

Plaintiff asserts that, "cloaked in the official power that comes with running City Hall, the mayor used his political power to influence the School Board and local legislators, and that there is no need to 'prove any city policy or knowledge relating to the rights violation independent of Mayor Grace's own actions'" (Doc. 42, at 17).[3] Yet, the only evidence that Plaintiff provides of Grace's alleged improper use of political power is through the testimony of Janet Marrioneaux, the former executive director of personnel and curriculum. In her testimony, she speculated that Grace threatened to break away from the Iberville Parish School Board System and form a separate school district if Plaintiff was not replaced with a Black principal (Doc. 42, at 4).[4] Yet, Ms. Marrioneaux admitted that she had no personal information about

---

[3] Plaintiff directs the Court to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003).

[4] It is uncontested that, in 2010, a bill was introduced to the Louisiana State Senate by Ms. Marrioneaux's relative, former State Senator Rob Marrionneaux, which would have created a separate school district in St. Gabriel. See Doc. 34-1, at 7, Doc. 42, at 11. However, the bill was withdrawn.

11

the bill, and she could not recall if Grace had ever approached the IPSB about the bill (Doc. 42-7, at 11-12). Therefore, because of the lack of evidence supporting this claim, the Motion for Summary Judgment is GRANTED on the Section 1983 claim against the City of St. Gabriel and Mayor Grace.

### C. Section 1985 Claim

To prevail on a Section 1985 claim, a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). Like a Section 1983 claim, a plaintiff must establish that there exists an underlying violation of constitutional rights or privileges secured elsewhere. See *United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 833 (1983).

Plaintiff concludes that there is ample evidence to support this claim against the City and Grace before the trier of fact at trial (Doc. 42, at 18). However, Plaintiff has not met her burden of proof in establishing that there was a conspiracy to have her transferred by either of these Defendants. Plaintiff fails to provide evidence to show that the City or Grace had a role in the decision to transfer her. Thus, the Motion for Summary Judgment is GRANTED on the Section 1985 claim against the City of St. Gabriel and Mayor Grace.

**D. Title VII and Louisiana State Law Claims**

Plaintiff admits that no Title VII claims or Louisiana State Law claims are asserted against the City or Grace, and the Motion for Summary Judgment on these claims is unopposed. Thus, the Motion for Summary Judgment is GRANTED, in so far as Plaintiff seeks relief against the City and Grace under Louisiana Revised Statutes 23:967, and under Louisiana Civil Code article 2315.

## IV. Motion to Strike

The Defendants seek to strike certain statements introduced by Plaintiff in her Opposition (Doc. 42) to the current Motion for Summary Judgment. Because all claims against the Defendants the City and Grace are dismissed, the Motion to Strike (Doc. 43), is now rendered moot.

## V. Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment** filed by the City of St. Gabriel and George Grace **(Doc. 34)** is **GRANTED**. All claims against George Grace, in his individual and official capacities, and the City of St. Gabriel are dismissed.

**IT IS FURTHER ORDERED** that the **Motion to Strike** filed by the City of St. Gabriel and George Grace **(Doc. 43)** is **DENIED** as moot.

Baton Rouge, Louisiana, this 30th day of September, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**